ORIGINAL

Approved: _____

ANDREW D. BEATY/KIERSTEN A. FLETCHER
Assistant United States Attorneys

U.S. DISTRICT COURT
FILED
MAR 22 2016

DOC #___

16 MAG 1878

Before:      HONORABLE ANDREW J. PECK
             United States Magistrate Judge
             Southern District of New York

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

     - v. -                       :

DERICK OPPONG,                    :

             Defendant.           :

- - - - - - - - - - - - - - - - - -x

Sealed
COMPLAINT

Violations of
18 U.S.C. §§ 1344,
1349, and 2

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

     ASHLEY BOROFSKY, being duly sworn, deposes and says that
she is a Postal Inspector with the United States Postal
Inspection Service ("USPIS"), and charges as follows:

COUNT ONE
(Conspiracy to Commit Bank Fraud)

     1.      From at least in or about 2013, up to and
including June 2014, in the Southern District of New York and
elsewhere, DERICK OPPONG, the defendant, and others known and
unknown, willfully and knowingly, did combine, conspire,
confederate, and agree together and with each other to commit
bank fraud, in violation of Title 18, United States Code,
Section 1344.

     2.      It was a part and object of the conspiracy that
DERICK OPPONG, the defendant, and others known and unknown,
willfully and knowingly, would and did execute and attempt to
execute a scheme and artifice to defraud financial institutions,
the accounts and deposits of which were then insured by the
Federal Deposit Insurance Corporation, and to obtain moneys,
funds, credits, assets, securities, and other property owned by,
and under the custody and control of, such financial
institutions by means of false and fraudulent pretenses,

representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

COUNT TWO
(Bank Fraud)

3.     From at least in or about 2013, up to and including June 2014, in the Southern District of New York, DERICK OPPONG, the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, to wit, Bank of America, Wells Fargo Bank, JPMorgan Chase Bank, and Capital One Bank (the "Victim Banks"), and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, to wit, OPPONG withdrew funds from bank accounts at the Victim Banks to which he was not entitled.

(Title 18, United States Code, Sections 1344 and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

4.     I am a Postal Inspector with the USPIS and I have been personally involved in this investigation.  This affidavit is based upon my investigation, my conversations with other law enforcement agents and other individuals, and my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**The Scheme**

5.     Based on the facts set forth below, I respectfully submit that there is probable cause to believe that DERICK OPPONG, the defendant, along with others, has participated in a scheme to steal checks being sent through the United States mails to legitimate businesses, and deposit them into fraudulently created accounts.  As detailed below, the

- 2 -

defendant and his co-conspirators obtain checks being sent to legitimate businesses for services rendered.  The defendants register fraudulent entities in New York with the same or similar names as these legitimate businesses.  The defendants create bank accounts for these fraudulent entities, and as the final step in the fraud, the defendants deposit the stolen checks into these bank accounts.  As the checks are made out to legitimate businesses with similar or identical names as the fraudulent entities, the banks did not immediately realize that a fraud had occurred.  Money was then often transferred between fraudulent accounts before it was withdrawn by DERICK OPPONG, the defendant, and other co-conspirators.

6.    Based upon my conversations with a cooperating witness ("CW-1")[1], I have learned that DERICK OPPONG, the defendant, was involved in and was the leader of the aforementioned scheme.  OPPONG's responsibilities included obtaining the stolen business checks and providing them to co-conspirators who would open the accounts.  OPPONG himself would later use checks to transfer money between accounts to avoid detection.

7.    Based on my review of numerous bank documents, and as discussed in detail below, I have learned that, on a number of occasions, DERICK OPPONG, the defendant, deposited checks into the fraudulent accounts and withdrew money himself, rather than relying on co-conspirators.

### Ineos Olefins

8.    I have reviewed records provided by Wells Fargo Bank, including relevant surveillance footage, from which I have learned, among other things, the following:

a.    On or about June 24, 2014, an individual using the name "James Acheampong" opened a bank account in the name of "Ineos Olefins and Polymers USA Inc." (the "Ineos Account").  The individual listed an address in New York, New York for Ineos Olefins & Polymers USA.  To open the account, the individual provided a copy of a New York Certificate of

---

[1] CW-1 has pled guilty to federal fraud charges and is assisting law enforcement in hopes of getting a more favorable sentence. The information provided by CW-1 has proven reliable and has been corroborated in the past using other investigative techniques, including, among other things, bank documents and emails.

Incorporation for Ineos Olefins and Polymers USA Inc. dated June 20, 2014.

         b.    On or about June 27, 2014, two checks from Mainetti USA, Inc., in the amounts of $82,575.90 and $42,271.20, payable to Ineos Olefins & Polymers USA of Chicago, Illinois, were deposited into the Ineos Account.  Both checks were endorsed by "James Acheampong."

         c.    I believe that the individual who deposited both of these checks is the same individual, a co-conspirator not charged as a defendant herein ("CC-1").

         d.    Soon thereafter, nearly all of the funds in the Ineos Wells Fargo Account were transferred out and deposited into other accounts.  By July 7, 2014, the balance of the Ineos Account was $23.21.

### Zack Painting

         9.    I have reviewed records provided by Bank of America, including relevant surveillance footage, from which I have learned, among other things, the following:

         a.    On or about November 8, 2013, an individual named "Sean Price" opened a bank account in the name of "Zack Painting Inc." (the "Zack Painting Account").

         b.    I believe that the individual who opened the account is a co-conspirator not charged as a defendant herein ("CC-2").

         c.    On or about January 16, 2014, an individual whom I believe to be DERICK OPPONG, the defendant, deposited approximately $4,900 into the Zack Painting Account at an ATM in the Bronx, New York.[2]

         d.    On or about January 29, 2014, CC-2 withdrew approximately $3,000 from a Bank of America location in New York.

---

[2] I have compared the physical appearance of the individual depicted in the relevant surveillance footage with OPPONG's appearance based on my review of law enforcement records containing his photograph, and, based on this comparison, I believe that OPPONG made this deposit, as well as the transactions attributed to OPPONG throughout this Complaint.

    e. On or about January 29, 2014, OPPONG withdrew approximately $700 from the Zack Painting Account at an ATM in the Bronx, New York.

    f. On or about July 1, 2014, an individual whom I believe to be OPPONG deposited two checks totaling approximately $57,000 from the Ineos Account into the Zack Painting Account.

    g. On or about July 10, 2014, the account was closed by Bank of America while it contained approximately $57,000.

## Eastern Sacurity Corp.

    10. I have reviewed records provided by Bank of America, including relevant surveillance footage, from which I have learned, among other things, the following:

    a. On or about June 4, 2014, an individual using the name "Davis Neil" opened a bank account in the name of "Eastern Sacurity Corp." (the "Eastern Sacurity Account").  I believe the individual who opened that account was CC-1.

    b. On or about July 1, 2014, DERRICK OPPONG, the defendant, deposited a check for approximately $50,000 from the Ineos Account into the Eastern Sacurity Account.

    c. On or about July 10, 2014, Bank of America closed the Eastern Sacurity Account before any funds from the Ineos Account could be withdrawn.

## Davis Neil

    11. I have reviewed records provided by Bank of America, including relevant surveillance footage, from which I have learned, among other things, the following:

    a. On or about May 27, 2014, an individual using the name "Davis Neil" opened a bank account in the name of "Davis Neil" (the "Neil Account").  I believe the individual who opened that account was CC-1.

    b. On or about July 1, 2014, DERRICK OPPONG, the defendant, deposited a check for approximately $50,000 from the Ineos Account into the Neil Account.

c.    On or about July 10, 2014, Bank of America closed the Neil Account before any of the funds from the Ineos Account could be withdrawn.

## Platinum Maintanance

12.   I have reviewed records provided by Wells Fargo, from which I have learned, among other things, the following:

a.    On or about June 20, 2014, an individual using his own name and identifying information ("CC-3") opened a bank account in the name of "Platinum Maintanance" (the "Platinum Maintanance Account").

b.    On or about June 23, 2014, two stolen checks from Empire State Realty OP for $48,551.72 and $24,236.99 payable to "Platinum Maintenance Service Corp." were deposited by CC-3 into the Platinum Maintanance Account.

c.    On or about June 25, 2014, approximately $70,000 of the funds were withdrawn by check.

d.    On or about July 22, 2014, Wells Fargo closed the Platinum Maintenance Account.

## Solar Mite

13.   I have reviewed records provided by Bank of America, from which I have learned, among other things, the following:

a.    On or about June 11, 2014, an individual using the name "Andrew Andino" opened a bank account in the name of "Solar Mite Inc." (the "Solar Mite Account").   The individual listed an address in the Bronx, New York, for Solar Mite Inc.

b.    I believe that the individual who made opened this account is CC-2.

c.    On or about June 25, 2014, DERICK OPPONG, the defendant, deposited a check for approximately $40,000 from the Platinum Maintenance Account into the Solar Mite Account.

d.    On or about July 7, 2014, OPPONG withdrew approximately $700 from the Solar Mite Account at an ATM in the Bronx, New York.

**Andrew Andino**

14.   I have reviewed records provided by Bank of America, from which I have learned, among other things, the following:

a.   On or about June 11, 2014, an individual using the name "Andrew Andino" opened a bank account in the name of "Andrew Andino" (the "Andino Account").

b.   I believe that the individual who made opened this account is CC-2.

c.   On or about June 25, 2014, DERRICK OPPONG, the defendant, based on relevant surveillance footage, deposited a check for approximately $30,000 from the Platinum Maintenance Account into the Andino Account.

d.   Before the account was closed by Bank of America on or about July 9, 2014, all of the funds except approximately $886.31 had been withdrawn in a series of ATM withdrawals.

**Michael Riesz & Co.**

15.   I have reviewed records provided by Wells Fargo Bank, including relevant surveillance footage, from which I have learned, among other things, the following:

a.   On or about May 9, 2014, an individual using the name "Theodore Pedersen Jr" opened a bank account in the name of "Michael Riesz & Company Inc" (the "Michael Riesz Account").   The individual provided a New York State certificate of incorporation.

b.   On or about May 12, 2014, DERRICK OPPONG, the defendant, deposited a check from New Jersey Manufacturers Insurance Company, in the amount of $15, 162.15, payable to Michael Riesz & Company Inc, into the Michael Riesz Account.

c.   On May 12 and May 13, 2014, two checks from the Michael Riesz Account totaling approximately $14,400 were deposited into other accounts.   One of these checks, made out to "Andrew Andino" for $7,400, was deposited into the Andino Account.

**Datamatics Management Services Inc.**

16.    I have reviewed records provided by JPMorgan Chase Bank, including relevant surveillance footage, from which I have learned, among other things, the following:

a.    On or about May 7, 2014, an individual using the name "Edwin Suris" opened a bank account in the name of "Datamatics Management Services Inc." (the "Datamatics Account").   The individual provided a New York State certificate of incorporation.

b.    On or about May 10, 2014, DERRICK OPPONG, the defendant, deposited a check from New York Methodist Hospital, in the amount of $14,157, payable to Datamatics Management Services of New Brunswick, New Jersey, into the Datamatics Account.   The check was endorsed in the name "Edwin Suris."

c.    On or about May 12, 2014, two checks from the Datamatics Account totaling approximately $15,600 were deposited into other fraudulent accounts.

d.    On or about May 16, 2014, two money orders totaling approximately $1,950 and payable to CW-1 were purchased using the Datamatics Account.

**Dr0ga5**

17.    I have reviewed records provided by Capital One Bank, including relevant surveillance footage, from which I have learned, among other things, the following:

a.    On or about March 17, 2015, an individual using the name "Logan Mclendon" opened a bank account in the name of "Dr0ga5 LLC" (the "Dr0ga5 Account").   The individual listed an address in New York, New York.

b.    On or about March 17, 2015, an individual whom I believe to be CC-2 deposited a stolen check for approximately $193,751.25 payable to "Droga5 LLC."

c.    On or about March 19, 2015, DERICK OPPONG, the defendant, withdrew approximately $2,000 from an ATM in the Bronx, NY.

d.      Between in or about March 19, 2015, and
March 25, 2015, approximately $23,000 was withdrawn by CC-2 and
others at ATMs in the Bronx and in Manhattan.

e.      On or about March 24, 2015, approximately
$65,000 was transferred to another bank account.

**Other Accounts**

18.    In addition to the accounts mentioned above, I
have reviewed surveillance footage from Bank of America and
JPMorgan Chase for additional bank accounts.   In that footage, I
have observed an individual whom I believe to be DERICK OPPONG,
the defendant, depositing checks from and into fraudulent
accounts.

19.    At all times relevant to this Complaint, the
accounts and deposits of Bank of America, Wells Fargo Bank,
JPMorgan Chase Bank, and Capital One Bank were insured by the
Federal Deposit Insurance Corporation.

WHEREFORE, I respectfully request that a warrant be
issued for the arrest of DERICK OPPONG, the defendant, and that
he be arrested and imprisoned, or bailed, as the case may be.


_____
ASHLEY BOROFSKY
POSTAL INSPECTOR
UNITED STATES POSTAL INSPECTION SERVICE


Sworn to before me this
22nd day of March, 2016


_____
HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK